**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARCUS C. STRICKLAND, JR.,

        Plaintiff,

vs.                        Case. No. 3:01-cv-908-J-32-HTS

THE UNITED STATES and
GEORGIA-PACIFIC CORP.,

        Defendants.

_____

## <u>ORDER</u>

Before the Court is the Third Motion to Intervene (Doc. 122) filed by Hunter's

Ridge Golf Co., Inc., Hunter's Ridge Residential Golf Properties, Inc., and Hunter's

Ridge Timber Co. Inc. (collectively, "Hunter's Ridge"), the plaintiffs in case no.

3:02-cv-602-J-32-MCR, which, like this case, alleges trespass, negligence, and

strict liability against Georgia-Pacific Corporation ("Georgia-Pacific") stemming

from its fire fighting activities during the Florida wildfires of 1998.  Hunter's Ridge

would like to intervene for the limited purpose of opposing Georgia- Pacific's

summary judgment motion against Marcus C. Strickland, Jr. ("Strickland"), the

plaintiff in this case.  Strickland agrees to intervention; Georgia Pacific opposes it.

Federal Rule of Civil Procedure 24(b)(2) provides: "Upon timely application

anyone may be permitted to intervene in an action ... when an applicant's claim or

defense and the main action have a question of law or fact in common. ...  In exercising its discretion the court will consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." <u>See</u> <u>also</u> <u>Maddow v. Proctor & Gamble Co., Inc.</u>, 107 F.3d 846 (11th Cir. 1997)(discussing Rule 24(b)); <u>Stallworth v. Monsanto Co.</u>, 558 F.2d 257 (5th Cir. 1977)(same).[1]

The Court denied Hunter's Ridge's previous motions to intervene and/or consolidate the two cases (Doc. 95, Doc. 112), but those motions sought intervention on a more expansive basis, asking the Court to let Hunter's Ridge be a plaintiff alongside Strickland throughout the remainder of the case.  Now, Hunter's Ridge seeks intervention only to oppose Georgia-Pacific's summary judgment motion against Strickland.  The Court finds its decision on the summary judgment motion could impact Hunter's Ridge and that limited intervention, defined as allowing Hunter's Ridge to submit an opposition brief, without any evidence not already submitted by Strickland or Georgia-Pacific, would not unduly delay or prejudice Georgia Pacific.  Accordingly, it is hereby **ORDERED:**

1.     The Third Motion to Intervene (Doc. 122) is **GRANTED** as stated herein.

2.     Hunter's Ridge may file a memorandum in opposition to Georgia

_____

[1]     Hunter's Ridge asserts that it should be allowed to intervene as a matter of right under Rule 24(a).  The Court finds that this section does not apply.

Pacific's latest summary judgment motion against Strickland (Doc. 115), not to exceed 10 pages, on or before **September 2, 2005**.  Georgia Pacific may file a reply memorandum, not to exceed 10 pages, on or before **September 14, 2005**.

**DONE AND ORDERED** at Jacksonville, Florida on August 18, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

p.
Copies to counsel of record

-3-